# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PDP LA MESA LLC,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>LASALLE MEDICAL OFFICE FUND II, et al.,<br><br>　　　　　　Defendant. | CASE NO. 10cv1536 DMS (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[Docket No. 32]** |

This matter comes before the Court on Plaintiff's motion to remand this case to San Diego Superior Court. Defendant LaSalle Medical Office Fund II filed an opposition to the motion,[1] and Plaintiff filed a reply. After a thorough review of the issues, the Court grants Plaintiff's motion.

## I.
## BACKGROUND

On June 22, 2010, Plaintiff PDP La Mesa LLC filed a Complaint in San Diego Superior Court against Defendants LaSalle Medical Office Fund II and Compass Bank. The Complaint alleges claims against Defendant LaSalle for breach of contract, specific performance, fraud and tortious interference with contractual relations, and a claim for declaratory relief against Defendants LaSalle and Compass Bank.

/ / /

---

[1] Nominal Defendant Compass Bank does not oppose the motion.

On July 22, 2010, Defendant LaSalle removed the case to this Court. The basis for removal was 28 U.S.C. § 1332, the diversity of citizenship statute. Defendant alleged that Plaintiff was a limited liability company organized under the laws of the State of Delaware with its principal place of business in California, Defendant LaSalle was a real estate investment trust with its principal place of business in Maryland, and Defendant Compass Bank was a corporation with its principal place of business in Alabama. (Notice of Removal ¶¶ 9-11.)

On August 11, 2010, Defendant LaSalle filed an Amended Notice of Removal. That pleading amended the allegations surrounding the citizenship of Defendant LaSalle for the purpose of diversity jurisdiction. Specifically, Defendant alleged that its headquarters were in Maryland, and it had three trustees, one being a citizen of Maryland and the others being citizens of Illinois. (Am. Notice of Removal ¶ 10.) Based on these new allegations, Defendant alleged it was a citizen of Maryland and Illinois for the purpose of diversity jurisdiction.

On August 24, 2010, Plaintiff filed the present motion to remand challenging this Court's subject matter jurisdiction. Specifically, Plaintiff argues Defendant LaSalle has not demonstrated complete diversity among the parties.

## II.

## DISCUSSION

This case presents a question about the citizenship of a real estate investment trust for the purpose of determining whether diversity jurisdiction exists. Plaintiff argues the Court must look to the citizenship of the trustees and members of the trust, while Defendant asserts the Court should look to the citizenship of the trustees only. Neither the Supreme Court nor the Ninth Circuit has addressed this specific question. However, in light of other relevant case law, the Court agrees with Plaintiff that the proper test looks to the citizenship of the members of the trust in addition to the trustees.

There is a "generally prevailing principle that an unincorporated association's citizenship is that of each of its members." *United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146 (1965). In *Bouligny*, the Court adhered to that principle, and declined to treat a labor union like a corporation for purposes of diversity jurisdiction. The Court traced the historical treatment of corporations for purposes of determining jurisdictional citizenship in both case law and legislation up

to and including Congress's 1958 decision "to enact legislation providing that corporations are citizens both of the State of incorporation and of the State in which their principal place of business is located." *Id.* at 152. Although the Court recognized the arguments against the rigid distinction between corporations and other unincorporated associations for the purpose of diversity jurisdiction, it found those arguments were "addressed to an inappropriate forum, and that pleas for extension of the diversity jurisdiction to hitherto uncovered broad categories of litigants ought to be made to the Congress and not to the courts." *Id.* at 150-51.

In *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62 (3d Cir. 1978), and *Belle View Apartments v. Realty ReFund Trust*, 602 F.2d 668 (4th Cir. 1979), the courts extended the distinction between corporations and unincorporated associations from labor unions to real estate investment trusts. The *Riverside Memorial* court likened a real estate investment trust to a limited partnership, and concluded that for purposes of diversity jurisdiction, it "must look to the citizenship of the UMET investors and not simply that of the trustees." 581 F.2d at 65. The *Belle View* court likewise held "that a real estate investment trust is to be considered, under § 1332, a citizen of every state of which any of its members is a citizen." 602 F.2d at 668.

Seven years after *Belle View*, the Seventh Circuit reached the opposite conclusion about real estate investment trusts in *Goldstick v. ICM Realty*, 788 F.2d 456 (7th Cir. 1986). In that case, the court held "[t]he citizenship of a trust is determined for purposes of diversity jurisdiction by the citizenship of the trustee or, in this case, trustees, all of whom must be citizens of a different state from the plaintiff for the suit to be maintained under the diversity jurisdiction." *Id.* at 458 (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458 (1980)).

In *Navarro*, however, the Court did not set out a citizenship test for trusts. Rather, the issue in *Navarro* was "whether the trustees of a business trust may invoke the diversity jurisdiction of the federal court on the basis of their own citizenship, rather than that of the trust's beneficial shareholders." 446 U.S. at 458. The Court answered that question in the affirmative based on its finding that the trustees "are active trustees whose control over the assets held in their names is real and substantial." *Id.* at 465. The Court found the trustees "have legal title; they manage the assets; they control the litigation. In short, they are real parties to the controversy." *Id.* Having met that

1    standard, the Court held the trustees could "sue in their own right, without regard to the citizenship
2    of the trust beneficiaries." *Id.* at 465-66.

3    The Seventh Circuit's misplaced reliance on *Navarro* was made evident in *Carden v. Arkoma*
4    *Associates*, 494 U.S. 185 (1990). In that case, the Court explained that *Navarro* "did not involve the
5    question whether a party that is an artificial entity other than a corporation can be considered a
6    'citizen' of a State, but the quite separate question whether parties that were undoubted 'citizens' (viz.,
7    natural persons) were the real parties to the controversy." *Id.* at 191.

> In the course of rejecting this claim, we did indeed discuss the characteristics of a Massachusetts business trust - not at all, however, for the purpose of determining whether the trust had attributes making it a "citizen," but only for the purpose of establishing that the respondents were "active trustees whose control over the assets held in their names is real and substantial," thereby bringing them under the rule, "more than 150 years" old, which permits such trustees "to sue in their own right, without regard to the citizenship of the trust beneficiaries."

12   *Id.* (quoting *Navarro*, 446 U.S. at 465-66). After so limiting *Navarro*, the Court rejected "the
13   contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court
14   may consult the citizenship of less than all of the entity's members." *Id.* at 195. Rather, the Court
15   adhered to its "oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on
16   the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its
17   members[.]'" *Id.* at 195-96 (citations omitted).

18   Defendant argues that *Carden* does not control this case because it involved the citizenship of
19   a limited partnership whereas this case involves the citizenship of a trust. However, this factual
20   distinction does not alter the legal standard applicable to this case. That standard calls for a bright-line
21   rule between corporations and other artificial entities, whether limited partnerships, labor unions or
22   otherwise, in which (a) the jurisdictional citizenship of the corporation is determined by its place of
23   incorporation and principal place of business, and (b) the jurisdictional citizenship of the artificial
24   entity is determined by the citizenship of all of its members. The nature of the artificial entity, here
25   a real estate investment trust, does not warrant application of a different rule.

26   Defendant's reliance on *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir.
27   2006), is also unavailing. Defendant relies on *Johnson* for the proposition that "[a] trust has the
28   citizenship of its trustee or trustees." *Id.* at 899. However, the case *Johnson* relies on for that

1 statement is *Navarro*, and as discussed above, "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names." *Carden*, 494 U.S. at 192-93.

After considering the arguments and authority discussed above, this Court adopts the rule set out by the Third Circuit in *Riverside Memorial*, and recently affirmed in *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192 (3d Cir. 2007), "that the citizenship of both the trustee and the beneficiary should control in determining the citizenship of a trust." *Id.* at 205. Applying that rule to the facts of this case, there is no dispute that Plaintiff and Defendant are both citizens of California. (Opp'n to Mot. at 12 n.9, n.10.) Accordingly, complete diversity is lacking, and this case must be remanded to state court.

## III.

## CONCLUSION

For the reasons set out above, the Court finds there is an absence of complete diversity between the parties in this case, and thus a lack of subject matter jurisdiction. Accordingly, Plaintiff's motion to remand is granted.

**IT IS SO ORDERED**.

DATED: October 12, 2010

_____
HON. DANA M. SABRAW
United States District Judge